### IN THE UNTED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TALLY SMITH<br>176 South Grant Street, Apt. 2<br>Wilkes Barre, PA 18702 | : <br> : <br> :    CIVIL ACTION <br> : |
| Plaintiff, | :    NO.: <br> : |
| v. | : <br> : |
| MCCARTHY TIRE SERVICE COMPANY<br>d/b/a MCCARTHY TIRE SERVICE<br>340 Kidder Street<br>Wilkes-Barre, PA 18702 | : <br> : <br> :    **JURY TRIAL DEMANDED** <br> : |
| Defendant. | : <br> : |

### CIVIL ACTION COMPLAINT

Tally Smith (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by McCarthy Tire Service Company d/b/a McCarthy Tire Service (*hereinafter* "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the Pennsylvania Human Relations Act ("PHRA") once properly administratively exhausted. Plaintiff's PHRA claims will mirror his Title VII claims.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. McCarthy Tire Service Company d/b/a McCarthy Tire Service is a corporation engaged in retail and OTR tire distribution, operating 11 retreading plants along the east coast of the United States, with a location at the address set forth in the above caption. Plaintiff was hired through and worked out of this address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black (African-American) male.

12. Plaintiff was employed by Defendant as a Lead Final Inspector for approximately 7 years, from in or about May 25, 2016, until his unlawful termination (discussed further *infra*) on or about July 22, 2022.

13. Plaintiff was, at a higher level, supervised by Regional Manufacturing Manager, John Pappas (hereinafter "Pappas") and Vice President, Neil Horn (hereinafter "Horn"), and at a lower level, by then First Shift Supervisor, Dylan Jakubczyk (hereinafter "Jakubcyk") and Second Shift Supervisor, Garret Grainey (hereinafter "Grainey").

14. All of the aforesaid supervisors and members of management were Caucasian.

15. While employed with Defendant, Plaintiff was a hard-working employee who performed his job well.

16. Upon Plaintiff's observations and belief, Defendant's work environment has been disparate and unfairly harsh toward black employees.

3

17. Throughout the course of his employment with Defendant, Plaintiff was subjected to racial discrimination, racial slurs, and harassment by Defendant's non-black management and co-workers, including but not limited to Jakubczyk. By way of example, but not intended to be an exhaustive list:

   a. Unlike Plaintiff's non-black co-workers, Jakubczyk talked to Plaintiff in a derogatory manner and/or refused to talk to him;

   b. Jakubczyk routinely subjected Plaintiff to racist jokes and comments including but not limited to Plaintiff and black people as "you people" or "those people" and repeatedly told Plaintiff (or others) when taking a break not to take a "black people break" as if they can't keep track of time and take too long;

   c. In the year leading up to Plaintiff's termination, Jakubczyk made at least 15-20 racially derogatory comments about blacks in Plaintiff's presence;

   d. Plaintiff was not given the same promotion opportunities as his Caucasian co-workers, despite having more tenure and experience; and

   e. Unlike his Caucasian co-workers, policies were selectively applied to Plaintiff.

18. Plaintiff voiced concerns regarding the aforementioned instances of discrimination to Horn and Pappas on more than one occasion.

19. Specifically, Plaintiff complained to Horn and Pappas that he had been an exemplary employee, who had worked as Lead for approximately 5 years, but had nonetheless been passed over for several promotions, including 2 within the last year of employment, because of his race. Instead, those promotions were given to lesser-qualified (non-black) employees, who upon information and belief had serious performance concerns (*i.e.,* drinking on the job).

20.   Plaintiff further complained that he was not treated fairly because he was black and should not have to tolerate racial comments from his supervisors, primarily Jakubczyk.

21.   Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Horn left Plaintiff's legitimate concerns unresolved, stating only to Plaintiff that he should be patient as Defendant would create an assistant manager program where he believed Plaintiff would have great opportunities.  However, his opportunity never materialized.

22.   Rather, Plaintiff continued to be subjected to hostility, animosity, and disparate treatment because of his race and his concerns of race discrimination.

23.   Plaintiff continued to adamantly complain about his aforesaid discrimination concerns during the last several months of his employment with Defendant.  For example, approximately 2 weeks prior to Plaintiff's termination, he re-raised discrimination concerns of non-promotion, racist workplace comments, and most egregiously, that there had been a picture of a monkey posted in Defendant's workplace window for several months.

24.   Plaintiff was then abruptly terminated, on or about July 22, 2022, for completely pretextual reasons – using a personal day in the same manner Plaintiff and other non-black employees had used such days in the past.

25.   Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of his race and in retaliation for his complaints of race discrimination.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

26.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through pretextual discipline, disparate treatment and demeaning and/derogatory comments, racist comments, and treatment because of his race and/or complaints of race discrimination.

28. Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's non-black management ignored them, left his legitimate concerns unresolved, and subjected him to increased hostility and animosity (as discussed *supra*).

29. On or about July 22, 2022, shortly after his last complaints of race discrimination and a hostile work environment to Defendant's non-black management, Plaintiff was abruptly terminated.

30. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated from his employment with Defendant because of his race and his complaints of race discrimination.

31. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964 ("Tile VII")
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through pretextual discipline, disparate treatment and demeaning and/derogatory comments, racist comments, and treatment because of his race and/or complaints of race discrimination.

34. Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's non-black management ignored them, left his legitimate concerns unresolved, and subjected him to increased hostility and animosity (as discussed *supra*).

35. On or about July 22, 2022, shortly after his last complaints of race discrimination and a hostile work environment to Defendant's non-black management, Plaintiff was abruptly terminated.

36. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated from his employment with Defendant because of his race and his complaints of race discrimination.

37. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 22, 2023